IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE, EASTERN DIVISION

JEFFREY D. BUTLER,
individually, CLEMENTENE BUTLER,
AINEISHA BUTLER, MALEIK BUTLER,
individually,

**JURY DEMANDED**

Plaintiffs,

-v.-

Mayor SCOTT CONGER in his official capacity,
LEWIS L. COBB, in his official capacity
and individual capacity,
and the CITY OF JACKSON MADISON
COUNTY, TENNESSEE,

Defendant.

INDEPENDENT ACTION
FOR RELIEF FROM JUDGMENT
TO REMEDY FRAUD ON THE COURT

Plaintiffs Jeffrey D. Butler, individually, Clementene Butler, Aineisha Butler, Maleik Butler, individually by and through Jeffrey D. Butler, file this independent action for relief from judgment to remedy fraud on the court pursuant to Federal Rule of Civil Procedure 60(b).

I.
PRELIMINARY STATEMENT

Jeffrey D. Butler came before this Court in August 2001 asserting claims against the City of Jackson Madison County, Tennessee and LEWIS L. COBB, Jackson, Tennessee's city attorney,

1

asserting that he was prosecuted on August 11, 2000, and fined $750.00 for violation of alleged City Code violations and that this prosecution violated his constitutional rights along with violating his rights to due process and Equal Protection under the law. 42 U.S.C. Sec. 1983. [Exhibit 1[1], 1-A, 1-C, 1-C, AND 1-D hereto attached].

An initial civil action was filed in the Circuit Court of Madison County, Tennessee, against the City of Jackson, Tennessee case no. C-01-299. The action was removed to the United States District Court for the Western District of Tennessee on August 23, 2001 and docketing sheet [Ex. 11 hereto attached], also [Exhibit 2, hereto attached]. The City of Jackson was bent on having Plaintiffs' complaint dismissed, and- to accomplish this- it committed fraud not only upon the Plaintiffs', but upon this Court, and the Sixth Circuit Court of Appeals. On August 28, 2001, the City of Jackson, Tennessee filed both an answer and a *motion to dismiss* Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) along with "*exhibits*" that were "fabricated and fraudulent", in the United States District Court for the Western District of Tennessee. The United States District Court for the Western District of Tennessee granted the *motion to dismiss* based upon the "fraudulent documents" and "misleading pleadings" [See Ex. H/Affadt.] submitted by the City of Jackson, Tennessee's undersigned counsel and LEWIS L. COBB[2]. Not only was the United States District Court for the Western District of Tennessee "duped" into believing the fraud perpetrated on the court, but the fraud carried over to the Sixth Circuit Court of Appeals' decision that was filed on 12/18/2002 with the Clerk OF THE SIXTH CIRCUIT COURT OF

---

[1]    Notice Caption *JEFFREY BUTLER V. CITY OF JACKSON, STATE OF TENNESSEE* plus Case No. 97-727; first line of the opinion reads:  "**This case is before the court for the second time.**"

[2]    City of Jackson, Tennessee's city attorney LEWIS L. COBB's started his campaign of fraud against the Plaintiff and his family prior to 1998. [See Exhibit 3, hereto attached]. **[Notice Re:.]**

APPEALS[3]. [Exhibit 4, hereto attached]. As a result, the Plaintiffs' lost all and any opportunity for relief and has waited 23 years and better to right this wrong[4].

At the heart of the case are "misleading documents" submitted to the United States District Court for the Western District of Tennessee around August 28, 2001by the undersigned counsel representing the City of Jackson, Tennessee depicting events that were "false and fabricated" that led to the dismissal of Plaintiff's former Complaint in the United States District Court for the Western District of Tennessee even, after Plaintiff argued and explained to the United States District Court for the Western District of Tennessee that "fraud" was being perpetrated upon the court in 2001at the time Defendant was "perpetrating the fraud". Judge James Todd ruled on THE FRAUD IN behalf of the Defendants' and entered judgment against the Plaintiff. The Sixth Circuit Court of Appeals affirmed the "void judgment" in 2002.

Twenty–two years later after further malicious harassment, intimidation, and retaliation from the City of Jackson, Tennessee's city attorney, LEWIS L. COBB' has relentlessly attempted to convict Plaintiff on other alleged city ordinance violations under the color of city ordinance violations. Plaintiff files this complaint for relief. Plaintiff has been held in "jeopardy" now for more than twenty-six years on violating an alleged vehicle ordinance violation since 1997 for which he was acquitted of in city court in 1997[See Ex. 1-C] and prosecuted twice more in Circuit Court on May 8th, 1998 and again on August 11, 2000. Plaintiff urge that it is now time for this Court, in exercise of its authority under Rule 60(b) and its inherent power to remedy a

---

[3]   Even though the opinion/judgment is void pertaining to *Butler I and Butler II* allegations, it still contains discrepancies and misrepresentations other than the fraud that was perpetrated on it at pg. 2, lines 4-6.
[4]   Plaintiff filed a Permissive Counterclaim in May of 2016 in the Madison County Chancery Court of Jackson Madison County, Tennessee Case No. 73884 in association with similar charges for $10,000,000.00 that's currently pending. [See exhibits 5 and 6, hereto attached].

"fraud on the court", to see that justice is finally done after 22 years OF SUFFERING AND MENTAL ANGUISH by the Plaintiff and his family.

## II.
## PARTIES

1. Plaintiff Jeffrey D. Butler is an individual resident of the State of Tennessee and was the original party to *Butler v. City of Jackson, Tennessee*, Civil Action No. 1-01-cv-01258 JDT in 2001.

2. Plaintiff Clementene Butler is the WIFE of Plaintiff and resides in the State of Tennessee. Mrs. Butler brings this suit individually.

3. Plaintiff Aineisha Butler is the DAUGHTER of Plaintiff and resides in the State Tennessee and brings this suit individually.

4. Plaintiff Maleik M. Butler is the SON of Plaintiff and resides in the State of Tennessee and brings this suit individually.

## III.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331 because the acts complained of raise federal questions under the Tennessee and United States Constitution and laws of the United States. This Court has jurisdiction ancillary to its original exercise of jurisdiction in *Butler v. City of Jackson, State of Tennessee*. Civil Action No: 1-01-cv-01258 JDT.

6. Venue is proper in this Court under 28 U.S.C. Sec. 1391(b) because fraud committed by the City of Jackson and LEWIS L. COBB WAS PRACTICED IN THIS DISTRICT and

injuries occasioned by the fraud on the court were suffered in this DISTRICT BY NAMED Plaintiffs.

## IV.
## FACTS

7. These "facts and supporting documents" contained in this Complaint and supporting affidavit will depict what has transpired between Plaintiff and Jackson, Tennessee's city attorney LEWIS L. COBB #005369 since 1997 till this present day which will help substantiate this claim of "fraud upon the court".

8. Jackson, Tennessee's city attorney Lewis L. Cobb started his campaign of fraud on the court in June of 1997 alleging (4) four city ordinance violations under the color of city ordinance violations[5]. [See Ex. B/Affidt.]

9. Jackson, Tennessee's city attorney Lewis L. Cobb had (2) two summons/citations issued against Plaintiff dated 8/1/1997, one (1) was for the alleged 13-202 "vehicle/car ordinance violation" and the other summons/citation was for allegedly violating alleged city ordinances 13-103, [13-104, 13-105], and 17-105.

10. After appealing "the city courts' judgment" on 9/15/97 Jackson, Tennessee's city attorney Lewis L. Cobb conspired, prepared, and planned to prosecute Plaintiff again in Circuit Court on appeal alleging the same charges after being acquitted of the bogus charges pertaining to "alleged 13-202 charges" in city court and fraudulently making

---

[5] The record will ultimately show that of these (4) four alleged violations that (2) two of the alleged charges were eventually reversed by the Court of Appeals of Tennessee at Jackson. After remand the city of Jackson allowed case no. 97-727 to remain on remand till this day. Statue of Judgments/laches. [See Ex. 1-B and 1-C hereto attached] [FRONT AND BACK] AND 1-D..

THE STATE OF TENNESSEE A PARTY TO THE LAWSUIT. **[Notice Re:]** [Exhibit 3 and also Ex. 7, hereto attached].

11. Jackson, Tennessee's city attorney LEWIS L. COBB's actions defrauded "higher courts" into making rulings and decisions that were sustained by "fraud and lies"; the Court of Appeals of Tennessee at Jackson, the United States District Court Western District of Tennessee Eastern Division, and the Sixth Circuit Court of Appeals.

12. As was argued in the United States District Court Western District of Tennessee Eastern Division in 2001, Plaintiff was prosecuted by Jackson, Tennessee's city attorney Lewis L. Cobb in 1997 for "allegedly violating a nonexistent city code" that will be proved at trial AFTER BEING ACQUITTED IN 1997 OF THE NONEXISTENT CITY CODE [See Ex. 1-D, hereto attached]..

13. In 1998 Jackson, Tennessee's city attorney Lewis L. Cobb conspired, planned, and prepared to prosecute Plaintiff for a second time [See Ex 3] in Circuit Court, this time alleging that it was the State of Tennessee initiating the charges against Plaintiff along with his cohort's, Tennessee State Circuit Court Judge Franklin Murchison, Jackson, Tennessee's city attorney Daniel Taylor, AAG Al Earls, Tennessee state court clerk(s) Judy Barnhill, and Melissa Hopper. [See Ex. 3 and 7, and 8, hereto attached].

14. Prior to the second appeal [Ex. 3] to the Court of Appeals of Tennessee at Jackson, Plaintiff [Mr. Butler] received a document from the JOHN KNOX WALKUP, Attorney General & Reporter in care of the Honorable Douglas D. Himes [Ex. 7] that states in part at pg. par2., lines 1-9:

> "As an initial matter, the State of Tennessee is not a proper party to this lawsuit. The State of Tennessee did not bring criminal or civil charges against Mr. Butler for violating any State law. Mr. Butler was cited by the City of Jackson, Tennessee, in the City Court of Jackson, for violating

certain sections of the city code. (I, 2-5). The city, not the State, enforces its municipal ordinances. Indeed, the State did not prosecute Mr. Butler. Mr. Butler was prosecuted by City of Jackson, Tennessee, through their city attorney. (II).Simply stated, the State has no interest in this lawsuit and is not a proper party to this lawsuit." [See Ex. 7, hereto attached].

15. Clearly Jackson, Tennessee's city attorney LEWIS L. COBB involved the State of Tennessee in a matter in which the State of Tennessee had to remove itself from.

16. Until "Jackson, Tennessee's city attorney LEWIS L. COBB's actions" starting in 1997, all in the name of malicious harassment, malicious prosecution, emotional and mental anguish, duress, pain and suffering, embarrassment, invasion of privacy, malicious abuse of process, double jeopardy, and fraud upon the court; Plaintiff lived in peace.

17. Plaintiff will prove at trial that Defendant violated Plaintiffs' civil rights as they relate to U. S. Const. Amendments 5 and 14 and Tenn. Const. Art. I, Sec. 10 from 1998 until this present day.

18. Jackson, Tennessee's city attorney LEWIS L. COBB knew that there was no legal reason for prosecuting Plaintiff concerning any alleged city code violation in 1997 and that he was only harassing, intimidating, and "making sport" of the "legal and judicial process" "under the color of city ordinance violations".

19. Upon transferring the case from Circuit Court to the United States District Court Western District Eastern Division Jackson, Tennessee's city attorney Lewis L. Cobb conspired with other attorneys and submitted "documents" that he knew were "fraudulent in nature".

20. Jackson, Tennessee's city attorney Lewis L. Cobb knew his intentions in submitting these documents in the United States District Court for the Western District of Tennessee "were to mislead the United States District Court Western District Eastern Division into

thinking that Plaintiff had sued the city of Jackson prior to transferring this case to the United States District Court Western District of Tennessee Eastern Division", which would allegedly help to substantiate Defendants' "collateral estoppel" defense, knowing Circuit Court clerk(s) Judy Barnhill and Melissa Hopper were part of the "fraudulent concealment" and "fraud on the court". [See Ex. 9 and 10[6]].

21. During the pendency of the case in the United States District Court Western District Eastern Division Jackson, Tennessee's city attorney Lewis L. Cobb was instrumental in persuading the District Court to believe that the State of Tennessee had criminally prosecuted Mr. Butler in state criminal proceedings. [Ex. H[7]/Affdt., hereto attached].

22. Jackson, Tennessee's city attorney Lewis L. Cobb was able to defeat Plaintiffs' "quest for relief in the United States District Court Western District of Tennessee Eastern Division with the help of Judy Barnhill and Melissa Hopper, Tennessee State Circuit Court clerk(s) fraudulent actions.

<u>Plaintiff has attempted to file Petitions for relief to remedy the Fraud on the Court since 2001.</u>

23. From Jackson, Tennessee's city attorney Lewis L. Cobb's initial onslaught against the Plaintiff and his family in 1997 in city court to 2003 TO THE [See Ex. 4-1] Supreme

---

[6]    These [Exhibits 9 and 10] portrays the start of the fraud in the state appellate court by the state clerks, the actual documents submitted to this court are attached to the Plaintiff(s)' *AFFIDAVIT IN SUPPORT OF COMPLAINT FOR INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT TO REMEDY FRAUD ON THE COURT* as [Ex. C and D]

[7]    Notice the Defendant's argument at lines 6 and 7:

> "The *fact* Plaintiff may not have waived his right to a jury trial
> in the state criminal proceedings is of no effect in this action".[Ex. H/Affdt., hereto attached].

Question: "Where did the criminal proceedings take place and where?" Defendants will make this fact known at trial as to when and where Plaintiff was prosecuted by the State of Tennessee [See Ex. H].

Court of the U. S. to 2016, Jackson, Tennessee's city attorney Lewis L. Cobb "ceased his nonsense" until "Plaintiff sought an opportunity for relief" in the Chancery Court at Madison County, Tennessee in 2016 when he filed a "permissive counterclaim" pursuant to T.R.C.P. 13.02 in the Chancery Court at Madison County, Tennessee Doc. No. 73884 for $10 million dollars which is currently pending.[See Ex. 5 and 6, hereto attached].

24. Jackson, Tennessee's city attorney LEWIS L. COBB "knowing about courts of competent jurisdiction", having transferred the court case no. C-01-299 in 2000 from circuit court to the U. S. District Court Western District of Tennessee Eastern Division in 2000 realizing the $5.7 million dollar suits' jurisdiction, does nothing with the $10 million dollar PERMISSIVE counterclaim FILED IN CHANCERY COURT AS FAR AS TRANSFER, but after almost (120) days has his former colleague, Chancellor James Butler to "allegedly dismiss the lawsuit"?? [See Ex. 5 and 6].

25. After filing the permissive counterclaim pursuant to T.R.C.P. 13.02 in Madison County, Tennessee Chancery Court in May of 2016, Plaintiff filed a motion for default and default judgment and a motion for judgment on the pleadings in which Jackson, Tennessee's city attorney LEWIS L. COBB has completely ignored since 2017 concerning Case No.73884 in Chancery Court in Madison County, Tennessee.

V.
**CLAIM FOR RELIEF FOR FRAUD ON THE COURTS**

26. The allegations in paragraphs 1 through 25, above, are incorporated herein by reference as if set forth in full.

27. Jackson, Tennessee's city attorney LEWIS L. COBB orchestrated the alleged charges and alleged city ordinance violations under the color of the law in 1997/2000/2001/til this present day, the fraudulent documents and pleadings that were submitted to this court on or around August 28, 2001, plus fraudulently involving the State of Tennessee as the prosecuting party of Plaintiff knowing the State of Tennessee hadn't initiated any type of prosecution of nor towards the Plaintiff. [whether criminal nor civil in nature] [See Ex. 7, hereto attached].

28. The fraudulent documents advanced in support of Defendants claims for collateral estoppel in 2001were intended to, and ultimately did, cover-up and suppress conclusive evidence which supports the fact that the Defendants committed fraud upon the court in 1998/2001.

29. Moreover, the fraudulent documents advanced in support of the Defendants' claims of collateral estoppel were intended to, and ultimately did mislead the United States District Court for the Western District of Tennessee to dismiss Plaintiffs' 2001 complaint.

30. The fraudulent documents advanced in support of Defendants claims for collateral estoppel in 2001were intentionally and knowingly false when they submitted them and were made in reckless disregard of whether the statements contained therein were true or false.

31. CITY OF JACKSON, TENNESSEE'S ATTORNEY LEWIS L. COBB and their undersigned counsel acted with knowledge of the falsity of documents or with reckless disregard for the truth or falsity of statements; indeed, in which the falsity of such statements and documents were directed directly at the "judicial machinery" of the "judicial process" WHICH IN TURN TAINTED ALL MATTERS GOING FORWARD. *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

32. The Defendant intended that the federal courts would rely upon false statements and honor its false claims of res judicata or collateral estoppel in order to deny Plaintiffs' relief/complaint in 2001in which he WAS LAWFULLY ENTITLED.

33. The Defendant further intended, after this Court entered judgments in favor of Defendant', that the federal appellate courts would rely upon its false statements and documents in order to further deprive Plaintiff of relief.

34. By the foregoing conduct, the Defendant practiced fraud on this Court and other federal court(s)'. [Sixth Circuit Court of Appeals].

35. The Defendants' fraud on the courts was manifestly unjust and shocks the conscience.

36. The Defendants fraud directly harmed the Plaintiff and his wife and his children in 2001, who were forced to march through a series of appeals stating in 1998 to defend their judgments, again starting in the state appellate courts.

37. Moreover, the Defendants' fraud was intended to and did subvert the processes of this Court and the Sixth Circuit Court of Appeals.

38. As a result of the Defendants' fraud on the courts, the Plaintiff(s)' were deprived of judgments to which they were lawfully entitled and Plaintiff and his wife and children suffered substantial loss for which they should be compensated for damages.

39. The proper measure of Plaintiffs' DAMAGES FOR THE DEFENDANTS' FRAUD ON THE COURT IS COMPARABLE TO THE RELIEF SOUGHT IN 20010F $5.7 MILLON PLUS INTEREST PLUS ATTORNEYS FEES PLUS PUNITIVE DAMAGES 0F $20 MILLION DOLLARS.

WHEREFORE, Plaintiffs' pray that this Court enter judgment in Plaintiff(s)' favor and against Jackson, Tennessee's city attorney LEWIS L. COBB, Jackson, Tennessee's mayor SCOTT CONGER and the CITY OF JACKSON, TENNESSEE:

A. Ruling that the Defendant/ Jackson, Tennessee's city attorney LEWIS L. COBB AND THE CITY OF JACKSON TENNESSEE perpetrated fraud on the federal courts in the *Butler v. City of Jackson, State of Tennessee* actions in 2001; and,

B. Awarding Plaintiffs (1) damages as foresaid, including interest at a market rate since 2001, (2) their attorneys' fees and cost of litigation, and (3) such other and further relief as this Court deems just and proper.

DATE; March 30, 2023

RESPECTFULLY SUBMITTED,

_____
MR. JEFFREY D. BUTLER
126 WILKINSON ST.
JACKSON, TN 38301
(731) 300-8600 or (731) 571-0290