IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFREY D. BUTLER,
CLEMENTENE BUTLER,
AINEISHA BUTLER, and
MALEIK BUTLER,

    Plaintiffs,

v.                                                             No. 1:23-cv-01054-STA-jay

SCOTT CONGER,
LEWIS L. COBB, and
CITY OF JACKSON, TENNESSEE,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court are the following filings. Plaintiffs filed a Motion to Amend their Complaint and a related Request to Submit for Decision on Plaintiff's Motion to Amend Pursuant to FRCP 15. ECF Nos. 7, 29. Defendants have filed Motions to Dismiss. ECF No. 14, 20. Plaintiffs filed a document at Docket Entry 28 that the Court construes to be a Reply to Defendants' Response to the Plaintiffs' Appeal of an earlier Order. ECF No. 28. Finally, Plaintiffs filed a Motion for Leave to File Sur-Reply to Defendants' Motions to Dismiss. ECF No. 34.

This case has been referred to the United States Magistrate Judge for management and for determination of all pretrial matters or recommendations as appropriate. Admin. Order 2013-05. For the reasons that follow, the undersigned **RECOMMENDS GRANTING** the Motions to Dismiss, **DENYING** Plaintiffs' Motion to Amend the Complaint, **DENYING** Plaintiffs' Motion for Request to Submit for Decision on Plaintiff[s'] Motion to Amend as **MOOT**, **DENYING**

1

Plaintiffs' Motion for Leave to File Sur-Reply, and **STRIKING** Plaintiffs' Reply at Docket Entry 28.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The origins of this case date back to the 1900s—specifically 1997. ECF No. 1 at 5. Plaintiff Jeffrey Butler received various citations for violations of Jackson City ordinances. ECF No. 1 at 5. There are a few details from those proceedings that are relevant to the instant suit.

There were five citations issued to Jeffrey Butler for which the Jackson City Court levied a fine against him in the amount of $250. *City of Jackson v. Butler*, 10 S.W.3d 250, 252 (Tenn. Ct. App. 1999) (hereinafter *Butler I*).[1] Jeffrey Butler appealed the decision to the Madison County Circuit Court, which affirmed the violations but ordered the city to "send Butler a new letter informing him of what must be done to bring the property up to code." *Butler I*, 10 S.W.3d at 252. Plaintiff appealed to the Tennessee Court of Appeals. *Id*. The Court of Appeals reversed two of the violations, affirmed three of the violations, and remanded the case to the Circuit Court for determination of the fine. *Id*. at 258-58. On remand, the Circuit Court fined Jeffrey Butler $750, which he appealed. *Butler v. City of Jackson*, 63 S.W.3d 372, 372 (Tenn. Ct. App. 2001) (hereinafter *Butler II*). The Tennessee Court of Appeals reversed that decision, imposed a fine of $250, and remanded the case for "any further proceedings that may be necessary." *Butler II*, 63 S.W.3d at 376. Plaintiffs refer to *Butler II* as "Case No. 97-727," which the Court will adopt for the purposes of this Report and Recommendation. ECF No. 1 at 2.

---

[1] The Court refers to these previous cases to further clarify Plaintiffs' recitation of the facts. Plaintiffs included some of the orders related to the prior proceedings as attachments to the Complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" quoting *Nieman v. NLO, Inc*., 108 F.3d 1546, 1554 (6th Cir. 1997)).

2

Jeffrey Butler then sued the City and the State of Tennessee in a separate action in state court. *Butler v. City of Jackson*, 54 Fed. Appx. 815, 816 (6th Cir. 2002) (hereinafter *Butler III*). The City of Jackson removed the case to this Court and filed a Motion to Dismiss in August 2001. *Butler III*, 54 Fed. Appx. at 816. Plaintiffs refer to this case by the case caption number as well. For the purposes of this Report and Recommendation, the Court will refer to this action as Case No. 01-1258. Finding that the facts raised by Jeffrey Butler were "necessary to the judgment that was entered" against him in Case No. 97-727, the District Court determined that the doctrine of collateral estoppel prevented the case from proceeding. *Id*. at 817. The Court also noted the State enjoyed Eleventh Amendment immunity. *Id*.

Jeffrey Butler appealed. *Id*. at 816. The Sixth Circuit affirmed the District Court's analysis. *Id*. at 817 ("Upon review, we conclude that the dismissal of Butler's case was proper for the reasons stated by the district court. Butler's claims against the City are barred by the doctrine of collateral estoppel. . . . Finally, the district court properly found that the Eleventh Amendment bars the claim against the State of Tennessee."). He attempted to appeal to the United States Supreme Court, but because his petition was "out-of-time," the Court did not have "the power to review the petition." ECF No. 1-10 at 2.

Jeffrey Butler, and three of his family members, have filed a *new* lawsuit—two decades later—in this Court claiming fraud. ECF No. 1 at 1. Plaintiffs seek relief from the judgment in Case No. 01-1258 pursuant to Federal Rule of Civil Procedure 60 on the ground that the resolution of that case was based upon fraud. ECF No. 1 at 1. In addition to the relief from judgment sought, Plaintiffs claim Defendants "violated Plaintiffs' civil rights as they relate to U.S. Const. Amendments 5 and 14 [sic] and Tenn. Const. Art. I, Sec. 10 [sic] from 1998 until this present day."

3

ECF No. 1 at 7.[2] The Court therefore reads Plaintiffs' Complaint to raise three main issues: (1) whether the judgment in Case No. 01-1258 should be set aside pursuant to Federal Rule of Civil Procedure 60; (2) whether Defendants violated Plaintiffs' federal constitutional rights; and (3) whether Defendants violated Plaintiffs' state constitutional rights.  For the reasons that follow, judgment in Case No. 01-1258 should not be set aside, and Plaintiffs other claims should be dismissed.  Additionally, Plaintiffs' Motion to Amend their Complaint should be denied on the grounds that the sought amendment would be futile.[3] The following analysis will also address Plaintiffs' Motion to for Leave to File a Sur-Reply, as well as the sur-reply filed at Docket Entry 28. ECF Nos. 28, 34.

## II. ANALYSIS

**A.      Plaintiffs' Motion to Set Aside Judgment in Case No. 01-1258 Should be Denied.**

Plaintiffs seek relief from the judgment in Case No. 01-1258 pursuant to Federal Rule of Civil Procedure 60(b).  ECF No. 1 at 1.  Plaintiffs allege that in that lawsuit, Defendant Cobb submitted to the Court "'misleading documents' … depicting events that were 'false and fabricated' that led to the dismissal of Plaintiff's … Complaint" in that lawsuit.  ECF No. 1 at 3. In a footnote in a later filing, Plaintiffs state:

> For the record there has never been a "**final judgment**" in the case against Plaintiff in the Tennessee Appellate Court case No. 97-727. . . . **Therefore Collateral Estoppel was impossible in the District Court in 2002. No judgment on the merits in case No. 97-727/no "final order/judgment prior to 2001" to this day has ever been issued**. ALL OF WHICH WAS perpetrated by Defendant COBB as to non-disclosure prior to this Court's ruling in 2002.

ECF No. 15 at 3 n. 1.

---

[2] There apparently is also a case from 2016 in state court that Defendants do not address, but that Plaintiffs claim is still pending. ECF No. 1 at 8-9.
[3] Should the Court deny Plaintiffs' Motion to Amend their Complaint, such a decision would cause Plaintiffs' Motion for Request to Submit Decision on that Motion to be MOOT. ECF No. 29.

Defendant Cobb moves to dismiss Plaintiffs' effort to have the Court set aside the judgment in Case No. 01-1258 on the grounds that: 1) Plaintiffs' action is untimely as Rule 60(b) motions must be brought within one year of the judgment or order at issue; and 2) if the Court reads Plaintiffs' Complaint as raising a Rule 60(d) independent action, the remedy Plaintiffs seek is unavailable. ECF No. 14.

Federal Rule of Civil Procedure 60 provides two mechanisms by which a party may seek to have a court set aside a judgment or order for fraud. The first option—Rule 60(b)(3)—provides that a "party or its legal representatives" may move for relief "from a final judgment, order, or proceeding" by establishing "fraud . . ., misrepresentation, or misconduct by an opposing party . . .." FED. R. CIV. P. 60(b)(3). A motion brought pursuant to Rule 60(b)(3) is subject to a time limitation of "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Normally a party seeking "relief on the ground that the opposing party committed fraud" files "a motion in the original action under Rule 60(b)(3) . . .." *Giasson Aerospace. Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 338 (6th Cir. 2017).

The second option for setting aside a judgment is Rule 60(d), which allows a party to bring an "independent action to relieve [it] from a judgment, order, or proceeding" or to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(1), (3). An aggrieved party who fails to file a motion pursuant to Rule 60(b)(3) within the one-year limitations period may still bring an independent action pursuant to Rule 60(d)(1) "regardless of the passage of time." *Giasson*, 872 F.3d at 339.

Independent actions brought under Rule 60(d), however, are "'reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross'" or cases in which "the injustice [is] so severe that enforcement of the original judgment would be 'manifestly

5

unconscionable.'" *Giasson*, 872 F.3d at 339 (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998); *Mitchell*, 651 F.3d at 599). The standard under Rule 60(d) is a "demanding. . . grave miscarriage of justice" standard. *Id.* at 339-40. Moreover, where a court has already heard "issues regarding the alleged fraud" then those issues "should not be revisited." *Computer Leasco, Inc., v. NTP, Inc.*, 194 Fed. Appx., 328, 336 (6th Cir. 2006).

1. <u>Plaintiffs' Action is Time-Barred Under Federal Rule of Civil Procedure 60(b).</u>

Plaintiffs expressly seek relief pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 1 at 3. However, that Rule has a clearly defined one-year window within which a party must proceed. FED. R. CIV. P. 60(c)(1). The one-year clock began ticking "after the entry of the judgment or the order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Plaintiffs complain of the proceedings that took place in Case No. 01-1258. According to Plaintiffs' filing, the United States Supreme Court declined to review Plaintiff J. Butler's petition for a writ of certiorari on March, 24, 2003. ECF No. 1-10 at 2. Even using the date of the Supreme Court's denial of Plaintiff J. Butler's petition for writ of certiorari as the date for applying the one-year limitation, Plaintiffs are just shy of *two decades* late in their filing. As such, they may not proceed under Rule 60(b).

2. <u>Plaintiffs' Action Does Not Meet the Grave Miscarriage of Justice Standard Rule 60(d) Requires and the Allegations of Fraud were Previously Heard.</u>

Reading Plaintiffs' pro se Complaint generously, the Court will also consider whether Plaintiffs' claim may proceed under the independent action option found in Federal Rule of Civil Procedure 60(d). First, the Court notes that Plaintiffs' Response to Defendant Cobb's Motion to Dismiss states that "Judge James Todd 'refused to except [sic] the truth and facts in 2001' concerning fraud being perpetrated upon the court associated with the case at hand by Defendant COBB . . .." ECF No. 15 at 7. In Plaintiffs' Response to the Motion to Dismiss filed by all Defendants, they claim that "Judge James Todd grossly abused his discretion in 2001 by basing

6

his ruling on fraudulent information." ECF No. 21 at 10. It appears, then, this issue of "fraud" was raised before this Court in 2001. Judge Todd apparently gave no weight to the Plaintiffs' version of the "truth and facts" regarding the alleged fraud. Because this issue was already litigated, Plaintiffs may not raise it here.

Alternatively, Plaintiffs claim that Defendant Cobb fabricated evidence in Case No. 01-1258 which, they argue, rises to the egregious conduct required in order proceed under Rule 60(d). ECF No. 15 at 13. Plaintiffs' claim, however, fails to clearly define what, exactly, was fabricated. The Court reads Plaintiffs' filings to mean that Defendants' representation to this Court in Case No. 01-1258 that there was a final judgment in the state court Case No. 97-727, such that the doctrine of collateral estoppel prevented Case No. 01-1258 from going forward, was based on fraudulent documents or information because there was no final judgment in Case No. 97-727. Plaintiffs cite to Exhibit 9 and Exhibit 9-A to their original Complaint to support this claim. ECF No. 21 at 18. Those Exhibits show the first page of the Order from the Circuit Court for Madison County in Case No. 97-727 and the judgment entered in that case. ECF Nos. 1-15; 1-16. The Court does not find Plaintiffs' argument plausible. Plaintiffs include *in their own filings* the state court documents showing an order and judgment entered in state court. The documents show filing stamps with dates and initials by the court clerk. ECF Nos. 1-15; 1-16. Plaintiffs make no coherent argument as to how these documents may have been forged or otherwise falsified. Moreover, conclusory statements, without any supporting analysis or citations to analogous case law, that Defendants actions were "manifestly unjust and shock[ed] the conscience" fail to state a plausible claim. ECF No. 1 at 11.

Because this Court already addressed the issue of fraud as it relates to these facts, and Plaintiffs failed to state a plausible claim of forgery or otherwise sufficiently egregious conduct, Plaintiffs have failed to meet grave miscarriage of justice standard required under Rule 60(d).

**B.    Defendants' Motions to Dismiss Should Be Granted.**

All Defendants have moved for dismissal of Plaintiffs' Complaint. Generally, the Defendants submit that dismissal is appropriate because Plaintiffs' claims are barred by the statute of limitations, and there is no private cause of action under the Tennessee Constitution. In response to Defendants' statute of limitations arguments, Plaintiffs contend that the doctrine of equitable estoppel would toll the statute of limitations. ECF No. 15 at 6.

1. <u>Motion to Dismiss Standard.</u>

In assessing whether a Complaint states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the

requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

2. <u>Plaintiffs' Federal Constitutional Rights Claims Brought Pursuant to 42 U.S.C. § 1983 are Time Barred.</u>

Plaintiffs allege federal civil rights claims pursuant to 42 U.S.C. § 1983.  A court should grant a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) when the statute of limitations has expired. *Jones v. Bock,* 549 U.S. 199, 215 (2007). Because the federal statute does not include a limitations period, these actions borrow the state law limitations period. *Guba v. Huron County*, 600 Fed. Appx. 374, 379 (6th Cir. 2015). In Tennessee, the statute of limitations for "civil actions . . . brought under the federal civil rights statutes" is one year. TENN. CODE ANN. § 28-3-104. Although state law determines what the statute of limitations period is, federal law

9

governs when the statute of limitations begins to run. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff*, 258 F.3d at 500 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). Moreover, federal law establishes that "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 501 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

In *Sevier*, the Sixth Circuit held that a "person exercising reasonable diligence would expeditiously attempt to determine" his legal rights after a state court adjudicated claims against him. 742 F.2d at 273. The Court further highlighted that waiting "over four years" was unreasonable, and a plaintiff "simply . . . [being] ignorant" about their various legal rights was insufficient to toll the statute of limitations. *Id.*

As noted above, the latest date related to this action took place in 2003. The statute of limitations to proceed with a federal constitutional violation under § 1983 is one year. Thus, Plaintiffs were required to file suit sometime in 2004 to pursue such claims. Plaintiffs are twenty years late. As such, their federal constitutional law claims should be **DISMISSED**.

   3. <u>The Tennessee State Constitution Does Not Provide a Private Cause of Action and Plaintiffs' Double Jeopardy Claims Should Be Dismissed.</u>

Article I, section 10 to the Constitution of the State of Tennessee protects citizens against double jeopardy. TENN. CONST. ART. I, §10. "However, it is well established that Tennessee does not recognize an implied private cause of action *for damages* based upon violation of the Tennessee Constitution." *Wooley v. Madison County*, 209 F. Supp. 2d 836, 844 (W.D. Tenn. June 6, 2002) (emphasis added); *see also Parker v. Henderson County*, 450 F. Supp. 2d 842, 856 (W.D. Tenn. Aug. 28, 2006). The state does, however, recognize that double jeopardy may apply in the context of a civil ordinance violation, but only if the party subject to the fine files a "*timely*

objection" in the original proceeding. *Metro. Gov't of Nashville v. Dreher*, No. M202000635COAR3CV, 2021 Tenn. App. LEXIS 97, *22 (Tenn. Ct. App. Mar. 12, 2021).

Plaintiffs allege an issue of double jeopardy related to the city ordinance violations raised at the state level. In Tennessee, the state constitution may protect against double jeopardy in a civil ordinance violation context. *Dreher*, No. M2020-00635-COA-R3-CV, 2021 Tenn. Ct. App. LEXIS at *21-23 (affirming the lower court's finding that a citizen subject to a fine for a city ordinance violation that amounts to a criminal proceeding enjoys the protection of Tennessee's double jeopardy clause). However, there is no private cause of action to pursue damages related to a violation of a plaintiff's state constitutional rights. *Wooley*, 209 F. Supp. 2d at 844. If Plaintiffs wanted to pursue the issue of double jeopardy, they needed to do so within the confines of the case in which the alleged violation occurred. Moreover, the remedy Plaintiffs seek now—monetary damages—is unavailable to them through the state's constitutional protections. *Id*. While Plaintiffs also seek a "[r]uling," their request is related to the alleged fraud, not any issue of double jeopardy.

Even if Plaintiffs had pursued the double jeopardy issue within the confines of the original case, they needed to do so in a *timely* manner. While the case law does not establish a clear dividing line on what exactly is timely, the Court simply cannot find any grounds upon which waiting over twenty years to pursue this issue could be considered timely.[4] This, of course, is largely due to the fact that Plaintiffs were aware of the alleged fraud at the time it occurred and admittedly "waited 23 years and better to right this wrong." ECF No. 1 at 3. Because the issue of double jeopardy is untimely and there is no separate cause of action under Tennessee law, the undersigned recommends that this claim be **DISMISSED**.

---

[4] In *Dreher*, the Tennessee Court of Appeals confronted the issue of whether waiting four months to pursue a double jeopardy challenge to a civil ordinance violation finding was untimely. However, the court there declined to address the issue because it found the plaintiff had waived the issue on appeal. *Dreher*, No. M2020-00635-COA-R3-CV, 2021 Tenn. App. LEXIS at *22 n. 6.

4. <u>Plaintiffs Failed to Establish Equitable Estoppel or a Continuing Violation.</u>

Tennessee law recognizes equitable estoppel as a tolling mechanism. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). The party attempting to invoke the tolling mechanism has the burden of proof. *Id.*; *see also Chunn v. Southeast Logistics, Inc.*, 794 Fed. Appx. 475, 477 (6th Cir. 2019). Equitable estoppel requires a plaintiff to "demonstrate that the defendant induced him or her to put off filing suit by identifying specific promise, inducements, suggestions, representations, assurances or other similar conduct by the defendant that . . . would induce the plaintiff to delay filing suit." *Redwing*, 363 S.W. 3d at 460 (internal citations omitted).

A plaintiff must first show that the opposing party (1) made a "false representation or conceal[ed] material facts;" (2) "had knowledge, actual or constructive, of the real facts; and (3) acted with the intent or at least the expectation that its representation or concealment would be acted on by the other party." *Billingsley v. Doe*, No. 21-6023, 2022 U.S. App. LEXIS 25198, at *12 (6th Cir. 2022). The plaintiff "must also prove that he: (1) relied on the false representation or concealment; (2) changed his position to his prejudice; and (3) lacked knowledge and the means of acquiring knowledge of the truth as to the facts in question." *Billingsley*, 2022 U.S. App. LEXIS 25198, at *12 (citing *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 825 (Tenn. Ct. App. 1990)).

Tennessee courts have applied equitable estoppel:

> (1) when a defendant promises not to assert a statute of limitations defense, (2) when a defendant promises to pay or otherwise satisfy the plaintiff's claim without requiring the plaintiff to file suit, and (3) when a defendant promises to settle a claim without litigation following the conclusion of another proceeding between the defendant and a third party.

*Id.*

The statute of limitations does not expire when there is a continuing violation. However, in the context of § 1983 litigation, "[a] continuing violation . . . occurs when there are continued unlawful acts, not by continued ill effects from the original violation." *Kovacic v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 606 F.3d 301, 308 (6th Cir. 2010).

The analysis above is reliant upon the conclusion that Plaintiffs do not enjoy the benefit of a tolling doctrine that would extend the statute of limitations. Plaintiffs argue in their Responses to the Motions to Dismiss that "'equitable estoppel' is a relevant tolling doctrine . . . to this instant case." ECF No. 15 at 6; ECF No. 21 at 9-10.

As to the state constitutional claim, because there is no cause of action upon which Plaintiffs may proceed, there necessarily is no tolling doctrine available. Plaintiffs have no claim, therefore there is no limitations period. As such, there is no tolling doctrine that could extend a non-existent limitation.

As to the federal constitutional claims, Plaintiffs failed to establish the elements necessary to proceed under equitable estoppel. First, the Court is unconvinced that Defendants here, or previously, did anything that would amount to a false representation of material facts. While Plaintiffs complain of fraudulent documents and fraudulent misrepresentations, those were allegedly presented to the Court—not Plaintiffs. This raises the issue of reliance. Even adopting the alleged fraud as true, Plaintiffs needed to show that *they* relied upon Defendants' fraudulent misrepresentations to their detriment. Instead, the facts as laid out by Plaintiffs is that they *always* knew Defendants made misrepresentations to the Court in Case No. 01-1258. As such, Plaintiffs cannot now claim they were ignorant of the alleged fraud such that they relied on Defendants filings in Case No. 01-1258 and therefore did not pursue their claims earlier than now. The

13

undersigned therefore **RECOMMENDS DECLINING** the application of equitable estoppel in this case.

Plaintiffs also appear to raise the issue of a continuing violation. ECF No. 1 at 7. They claim that Defendants have "violated Plaintiffs' civil rights as they relate to" the aforementioned federal and state constitutional provisions "from 1998 until this present day." ECF No. 1 at 7. However, Plaintiffs provide absolutely no factual support for this conclusory statement. As such, the undersigned **RECOMMENDS DECLINING** the application of the continuing violation doctrine to this case.

C.     **Plaintiffs' Motions to Amend Their Complaint Is Futile and Should Be Denied.**

Jeffrey Butler "individually" moves the Court to allow him to amend the original Complaint. ECF No. 7 at 1. Jeffrey Butler sought the amendment in order to "remove Plaintiffs [] Clementine Butler, Aineisha Butler, Maleik Butler" so that he may proceed as the "sole Plaintiff . . .." ECF No. 7 at 1. However, it appears none of the substantive claims raised in the original Complaint would be altered—only the Plaintiffs. ECF No. 7-1. Rule 15 provides that leave to amend should be "freely give[n] . . . when justice so requires," the Rule does not require leave must *always* be given. FED. R. CIV. P. 15(a)(2). When an amendment "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or *would be futile*" it is well within the Court's discretion to deny such an amendment. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis added). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Because the substantive analysis above applies just as forcefully to one Plaintiff as it does to four, the Court finds an amendment would be futile. As such, the undersigned **RECOMMENDS DENYING** Jeffrey Butler's Motion to Amend.

14

Regarding Plaintiffs' other filings, they "request that the **MOTION TO AMEND** . . . be submitted for decision because it is now ready for the court to review and to issue a decision." ECF No. 29 at 2. It appears to the Court that Plaintiffs are not submitting a *new* Motion to Amend, but they are asking the Court to issue a ruling on their original Motion to Amend. ECF No. 29 at 1-2. Once the Court issues a ruling on the Motion to Amend found at Docket Entry 7, the undersigned **RECOMMENDS DENYING** this subsequent Motion found at Docket Entry 29 as **MOOT**.

D.     **The Court Should Strike Plaintiffs' Filing at Docket Entry 28.**

On September 14, 2023, Plaintiffs filed an Appeal of the Magistrate Judge Decision. ECF No. 25. The Order Plaintiffs appealed was an Order Striking Plaintiffs' Filings at Docket Entry 19 and Docket Entry 23 because both filings amounted to sur-replies that Plaintiffs did not have permission to file. ECF No. 24.

The heading to Plaintiffs' Appeal reads, in pertinent part, "Appeal and Plaintiffs' *Unopposed* Motion for Leave" to obtain the Court's retroactive approval to file the aforementioned sur-replies ECF No. 25 at 1 (emphasis added). The next day, Defendants filed a document that is styled as a "Notice" on the docket, and then titled a "Reply" on the actual document. ECF No. 26 at 1. Regardless of the nomenclature used, the substance of the filing is a Response to Plaintiffs' Appeal. ECF No. 26. In particular, Defendants take issue with Plaintiffs' assertion that the Appeal was "unopposed." ECF No. 26 at 1 ("On the contrary, counsel opposes this motion.").

Plaintiffs then filed a "Notice" that is titled (in part) "Plaintiffs' Reply to Defendan[ts'] Entitled Document." ECF No. 28 at 1. The Notice/Reply is seven pages in length with one paragraph addressing the issue of whether the Appeal was opposed or unopposed. ECF No. 28.

According to the Local Rules, if a party appeals an Order issued by the Magistrate Judge, "[a]ny other party *may file a response* within 14 days after being served with a copy of such

15

appeal." LR 72.1(g)(1) (emphasis added). However, a party must still seek leave of Court to file a *reply*. LR 7.2(c).

While the parties label their filings in a variety of different ways, the Court reads Defendants' filing to be a Response and Plaintiffs' filing to be a Reply. Defendants operated within the confines of the Local Rules in filing their Response to Plaintiffs' Appeal. Plaintiffs did not. As such, the undersigned **RECOMMENDS STRIKING** Plaintiffs' filing found at Docket Entry 28.

**E. Plaintiffs' Motion for Leave to File a Sur-Reply Should be Denied.**

Plaintiffs filed a Motion for Leave to File a Sur-Reply to Defendants' Motion(s) to Dismiss on October 10, 2023. ECF No. 34. Plaintiffs, in fact, filed the substance of their proposed sur-reply on the same day at Docket Entry 33. ECF No. 33. Having reviewed that filing, and finding no new facts or legal arguments that would alter the above analysis regarding the Motions to Dismiss, the Court **RECOMMENDS DENYING** this Motion.

### III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS GRANTING** Defendants' Motions to Dismiss, **DENYING** Plaintiffs' Motion to Amend, **DENYING** Plaintiffs' Motion for Request to Submit for Decision on Plaintiff[s'] Motion to Amend as **MOOT**, **STRIKING** Plaintiffs' Reply at Docket Entry 28, and **DENYING** Plaintiffs' Motion for Leave to File Sur-Reply.

Respectfully submitted this the 7th day of November, 2023.

                                          **s/Jon A. York**
                                          UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS REPORT AND RECOMMENDATION TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14)**

**DAYS OF THE SERVICE OF A COPY OF THIS REPORT AND RECOMMENDATION. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**