UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFREY D. BUTLER, CLEMENTENE
BUTLER, AINEISHA BUTLER,
and MALEIK BUTLER, Individually,

  Plaintiffs,

VS.                No. 23-1054-STA-jay

MAYOR SCOTT CONGER, in his
official capacity and individual capacity,
LEWIS L. COBB, in his official capacity
and individual capacity, and the CITY OF JACKSON,
MADISON COUNTY, TENNESSEE,

  Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

---

  On January 4, 2024, the Court adopted the Magistrate Judge's report and recommendation that Defendants' motions to dismiss be granted and Plaintiffs' motion to amend the complaint, their request to submit for decision their motion to amend, and their motion for leave to file a sur-reply to Defendants' motion to dismiss be denied. (ECF No. 37.) The Court also denied leave to appeal *in forma pauperis*. Judgment was entered on January 5, 2024. (ECF No. 38.) Plaintiffs have now filed a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (ECF No. 39.) Defendant City of Jackson has filed a response to the motion. (ECF No. 40.) The motion is **DENIED**.

  Rule 59 governs motions to alter or amend a judgment and provides that a court may alter the judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure*

*Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted).

The Court previously adopted the factual background and procedural history as set out by the Magistrate Judge. Plaintiffs complain that the Magistrate Judge's summary, as adopted by this Court, is not supported by the record. However, Plaintiffs have not convinced the Court that it made an error. Instead, the Court again finds that the factual background and procedural history as set out by the Magistrate Judge are supported by the record.

Plaintiffs also object to the summarization of the issues by the Magistrate Judge, which the Court also adopted. Those issues were: (1) whether the judgment in Case No. 01-1258 should be set aside pursuant to Federal Rule of Civil Procedure 60; (2) whether Defendants violated Plaintiffs' federal constitutional rights; and (3) whether Defendants violated Plaintiffs' state constitutional rights. The Magistrate Judge concluded that judgment in Case No. 01-1258 should not be set aside, Plaintiffs' claims should be dismissed, and the motion to amend the complaint should be denied on the grounds that the proposed amendment would be futile, and this Court agreed – and still agrees.

In their motion, Plaintiffs have not shown a clear error of law, the availability of new evidence, an intervening change in the law, or a need to prevent manifest injustice. Instead, they essentially reassert the same facts and arguments.  Plaintiffs may not obtain relief under Rule 59(e) by reasserting issues already ruled upon by the Court. *See id.* at 475 ("Rule 59(e) ... does not permit parties to effectively re-argue a case.") (quotation omitted). The Court therefore finds no basis for granting relief under Rule 59(e), and the motion is **DENIED**.

The Court previously considered whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so and found that they should not. The Court reiterates that decision.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 25, 2024